1

2          **E-FILED:  November 7, 2012**

3

4

5

6

7                                    NOT FOR CITATION

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                                  SAN JOSE DIVISION

11   ELEANOR RAMACHANDRAN,                    No. C12-04834 HRL

12              Plaintiff,                    **ORDER (1) DENYING PLAINTIFF'S
                                              MOTION TO REMAND; AND (2) RE-**
13       v.                                   **SETTING INITIAL CASE
                                              MANAGEMENT CONFERENCE**
14   ACCENTURE LLP,
                                              **[Re:  Docket No. 8]**
15              Defendant.

16   _____/

17          Plaintiff Eleanor Ramachandran sues for alleged employment discrimination, wrongful

18   termination, and failure to pay overtime wages.  She filed her complaint in the Santa Clara

19   County Superior Court, asserting nine claims under state law.  Defendant Accenture LLP

20   (Accenture) timely removed the matter here, invoking the court's diversity jurisdiction under 28

21   U.S.C. § 1332.  Plaintiff now moves for an order remanding this action to the state court,

22   arguing that Accenture's removal notice is defective.  Defendant opposes the motion.  The

23   matter is deemed suitable for determination without oral argument, and the November 13, 2012

24   hearing is vacated.  CIV. L.R. 7-1(b).  Upon consideration of the moving and responding papers,

25   the court denies the motion.[1]

26          District courts have original jurisdiction of all civil actions between citizens of different

27   states and where the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  To support

28   _____
            [1]       Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties have
     expressly consented that all proceedings in this matter may be heard and finally adjudicated
     by the undersigned.

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1    removal based on diversity, Accenture has the burden of establishing federal jurisdiction by a

2    preponderance of the evidence.  Cohn v. Petsmart, Inc., 281 F.3d 837, 839 (9th Cir. 2002).

3    Ramachandran does not dispute her California citizenship; and, the parties agree that, for

4    diversity jurisdiction purposes, the required amount in controversy is satisfied.  Plaintiff

5    nevertheless contends that Accenture's removal notice does not properly identify defendant's

6    citizenship.

7         Corporate entities are treated as citizens of each state of which its members are citizens.

8    Carden v. Arkoma Associates, 110 S. Ct. 1015, 1021, 494 U.S. 185, 108 L.Ed.2d 157 (1990).

9    In its removal notice, Accenture asserts that it is a limited liability partnership comprised of two

10   partners:   (1) Accenture, Inc., a Delaware corporation; and (2) Accenture, LLC, a Delaware

11   limited liability company.  The notice goes on to state that the principal places of business of

12   Accenture, Inc. and Accenture LLC are in Illinois.  As such, defendant says that it is a citizen of

13   Delaware and Illinois.

14        Plaintiff argues that Accenture should have also identified the citizenship of each partner

15   of Accenture LLC.  Indeed, "diversity jurisdiction in a suit by or against the entity depends on

16   the citizenship of all the members, the several persons composing such association, [and] each

17   of its members."  See Carden, 110 S. Ct. at 1021 (citations omitted)).  In its opposition to

18   plaintiff's motion to remand, Accenture says that the sole member of Accenture LLC is

19   Accenture Sub Inc., a Delaware corporation with its principal place of business in Illinois.

20   (Roberts Decl. ¶¶ 4-5).  As such, defendant affirms that Accenture LLC is a citizen of Delaware

21   and Illinois.

22        Ramachandran maintains that defendant's removal notice is defective nonetheless

23   because it does not contain this newly disclosed information about Accenture Sub Inc.  On that

24   basis, she requests that the court exercise its discretion to remand this action.  Although

25   defendant's removal notice is defective, "[a] court may consider supplemental evidence later

26   proffered by the removing defendant, which was not originally included in the removal notice."

27   Arriola v. WS Packaging Group, Inc., No. 2:10-cv-07941, 2011 WL 103959 at *2 (C.D. Cal.,

28   Jan. 12, 2011) (citing Cohn, 281 F.3d at 840 n.1)).  Defendant having submitted evidence of

1   Accenture LLC's citizenship, the court will treat defendant's opposition papers as an

2   amendment to its removal notice.  See Cohn, 281 F.3d at 840 n.1 (finding no error in the district

3   court's decision to construe defendant's opposition to a motion for remand as an amendment to

4   its defective removal notice because "'it is proper to treat the removal petition as if it had been

5   amended to include the relevant information contained in the later-filed affidavits'") (quoting

6   Willingham v. Morgan, 395 U.S. 402, 407 n.3, 89 S. Ct. 1813, 23 L.Ed.2d 396 (1969)).

7   Plaintiff's motion for remand is denied.

8           The initial case management conference is re-set for **December 11, 2012, 1:30 p.m.**  All

9   related deadlines are adjusted accordingly.

10          SO ORDERED.

11  Dated: November 7, 2012

12

13  _____
    HOWARD R. LLOYD
    UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

United States District Court

For the Northern District of California

1   5:12-cv-04834-HRL Notice has been electronically mailed to:

2   Christopher R. LeClerc     chris@leclerclaw.com

3   Christopher Robert Le Clerc     chris@leclerclaw.com

4   G. Daniel Newland     dnewland@seyfarth.com, sstitt@seyfarth.com

5   Robert Brian Wong     bwong@seyfarth.com, ggarcia@seyfarth.com

6   Stephen F. Danz     stephen.danz@employmentattorneyca.com, eblanco@danz-gerber.com