*E-FILED: November 7, 2012*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ELEANOR RAMACHANDRAN, | No. C12-04834 HRL |
| Plaintiff, | **ORDER (1) DENYING PLAINTIFF'S MOTION TO REMAND; AND (2) RE-SETTING INITIAL CASE MANAGEMENT CONFERENCE** |
| v. | |
| ACCENTURE LLP, | [Re: Docket No. 8] |
| Defendant. | |

Plaintiff Eleanor Ramachandran sues for alleged employment discrimination, wrongful termination, and failure to pay overtime wages. She filed her complaint in the Santa Clara County Superior Court, asserting nine claims under state law. Defendant Accenture LLP (Accenture) timely removed the matter here, invoking the court's diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff now moves for an order remanding this action to the state court, arguing that Accenture's removal notice is defective. Defendant opposes the motion. The matter is deemed suitable for determination without oral argument, and the November 13, 2012 hearing is vacated. CIV. L.R. 7-1(b). Upon consideration of the moving and responding papers, the court denies the motion.[1]

District courts have original jurisdiction of all civil actions between citizens of different states and where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To support

---

[1] Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned.

1  removal based on diversity, Accenture has the burden of establishing federal jurisdiction by a
2  preponderance of the evidence. Cohn v. Petsmart, Inc., 281 F.3d 837, 839 (9th Cir. 2002).
3  Ramachandran does not dispute her California citizenship; and, the parties agree that, for
4  diversity jurisdiction purposes, the required amount in controversy is satisfied. Plaintiff
5  nevertheless contends that Accenture's removal notice does not properly identify defendant's
6  citizenship.

7  Corporate entities are treated as citizens of each state of which its members are citizens.
8  Carden v. Arkoma Associates, 110 S. Ct. 1015, 1021, 494 U.S. 185, 108 L.Ed.2d 157 (1990).
9  In its removal notice, Accenture asserts that it is a limited liability partnership comprised of two
10  partners:  (1) Accenture, Inc., a Delaware corporation; and (2) Accenture, LLC, a Delaware
11  limited liability company. The notice goes on to state that the principal places of business of
12  Accenture, Inc. and Accenture LLC are in Illinois. As such, defendant says that it is a citizen of
13  Delaware and Illinois.

14  Plaintiff argues that Accenture should have also identified the citizenship of each partner
15  of Accenture LLC. Indeed, "diversity jurisdiction in a suit by or against the entity depends on
16  the citizenship of all the members, the several persons composing such association, [and] each
17  of its members." See Carden, 110 S. Ct. at 1021 (citations omitted)). In its opposition to
18  plaintiff's motion to remand, Accenture says that the sole member of Accenture LLC is
19  Accenture Sub Inc., a Delaware corporation with its principal place of business in Illinois.
20  (Roberts Decl. ¶¶ 4-5). As such, defendant affirms that Accenture LLC is a citizen of Delaware
21  and Illinois.

22  Ramachandran maintains that defendant's removal notice is defective nonetheless
23  because it does not contain this newly disclosed information about Accenture Sub Inc. On that
24  basis, she requests that the court exercise its discretion to remand this action. Although
25  defendant's removal notice is defective, "[a] court may consider supplemental evidence later
26  proffered by the removing defendant, which was not originally included in the removal notice."
27  Arriola v. WS Packaging Group, Inc., No. 2:10-cv-07941, 2011 WL 103959 at *2 (C.D. Cal.,
28  Jan. 12, 2011) (citing Cohn, 281 F.3d at 840 n.1)). Defendant having submitted evidence of

1 Accenture LLC's citizenship, the court will treat defendant's opposition papers as an
2 amendment to its removal notice. See Cohn, 281 F.3d at 840 n.1 (finding no error in the district
3 court's decision to construe defendant's opposition to a motion for remand as an amendment to
4 its defective removal notice because "'it is proper to treat the removal petition as if it had been
5 amended to include the relevant information contained in the later-filed affidavits'") (quoting
6 Willingham v. Morgan, 395 U.S. 402, 407 n.3, 89 S. Ct. 1813, 23 L.Ed.2d 396 (1969)).
7 Plaintiff's motion for remand is denied.

8 The initial case management conference is re-set for **December 11, 2012, 1:30 p.m.** All
9 related deadlines are adjusted accordingly.

10 SO ORDERED.

11 Dated: November 7, 2012

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**United States District Court**
For the Northern District of California

3

1  5:12-cv-04834-HRL Notice has been electronically mailed to:

2  Christopher R. LeClerc    chris@leclerclaw.com

3  Christopher Robert Le Clerc    chris@leclerclaw.com

4  G. Daniel Newland    dnewland@seyfarth.com, sstitt@seyfarth.com

5  Robert Brian Wong    bwong@seyfarth.com, ggarcia@seyfarth.com

6  Stephen F. Danz    stephen.danz@employmentattorneyca.com, eblanco@danz-gerber.com

**United States District Court**
For the Northern District of California