*E-FILED: July 29, 2013*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ELEANOR RAMACHANDRAN, | No. C12-04834 HRL |
| Plaintiff, | **ORDER RE DISCOVERY DISPUTE JOINT REPORT #1** |
| v. | |
| ACCENTURE, LLP, | [Re: Docket No. 33] |
| Defendant. | |

Plaintiff Eleanor Ramachandran asserts state law claims for alleged employment discrimination, retaliation, and wrongful termination, as well as for alleged wage and hour violations. Defendant Accenture, LLP (Accenture) removed the matter from state court, asserting diversity jurisdiction under 28 U.S.C. § 1332.

At issue in Discovery Dispute Joint Report (DDJR) #1 is whether plaintiff has placed her mental state in controversy and whether good cause exists for a mental exam. Specifically, Accenture seeks an order requiring her to submit to two examinations—one by a psychologist and one by a physician specializing in psychiatry. The court is told that in response to defendant's document requests, plaintiff produced a report written by one Dr. Becker, the examiner for Accenture's workers' compensation carrier, who evaluated plaintiff in April 2010. According to defendant, that report reveals that plaintiff suffered from alternate stressors. Accenture now wants the requested mental exams to test whether plaintiff's claimed distress

was caused by defendant's alleged conduct or by other stressors entirely unrelated to Accenture. The matter is deemed suitable for determination without oral argument. CIV. L.R. 7-1(b). Having considered the parties' respective positions, the court denies defendant's request for the mental exams.

For good cause shown, the court "may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." FED. R. CIV. P. 35(a)(1); Ford v. Contra Costa County, 179 F.R.D. 579 (N.D. Cal. 1998) ("It is well established that a party seeking to compel the psychiatric evaluation of an adverse party must demonstrate that (1) the adverse party's mental condition is in controversy and (2) there is good cause for the examination."). The party moving to compel the examination bears the burden of establishing the "in controversy" and "good cause" requirements. Schlagenhauf v. Holder, 379 U.S. 104, 118, 85 S. Ct. 234, 13 L.Ed.2d 152 (1964). "Most cases in which courts have ordered mental examinations pursuant to Rule 35(a) involve something more than just a claim of emotional distress." Turner v. Imperial Stores, 161 F.R.D. 89, 93 (S.D. Cal. 1995). Courts have ordered a mental examination where, in addition to a claim of emotional distress, the case involves (1) a claim for intentional or negligent infliction of emotional distress; (2) an allegation of a specific mental or psychiatric injury or disorder; (3) a claim of unusually severe distress; (4) the plaintiff's offer of expert testimony to support a claim of emotional distress; and/or (5) plaintiff's concession that her mental condition is "in controversy" within the meaning of Fed. R. Civ. P. 35. Id. at 95; Ford, 179 F.R.D. at 580. In evaluating a Rule 35 motion, courts also consider whether a party has alleged an ongoing mental injury. Enwere v. Terman Associates, L.P., No. C07-1239 JF (PVT), 2008 WL 5146617 at *3 (N.D. Cal., Dec. 4, 2008) (citing cases).

"Even if good cause is shown, it is still within the Court's discretion to determine whether to order an examination." Tan v. City & Cnty. of San Francisco, No. C08-01564 MEJ, 2009 WL 594238 at *2 (N.D. Cal., Mar. 4, 2009) (citing Stinchcomb v. United States, 132 F.R.D. 29, 30 (E.D. Pa. 1990)). "Although the rule is to be construed liberally to allow the examination, the Court must take into account the interests of the party to be examined to avoid

an unnecessary invasion of privacy balanced against the moving party's right to a fair trial." Id. (citing Curtis v. Express, Inc., 868 F. Supp. 467, 468 (N.D.N.Y. 1994)).

Plaintiff's mental condition is "in controversy." Her complaint alleges that defendant's conduct caused "severe mental and emotional distress," and she asserts a separate claim for intentional infliction of emotional distress. Nevertheless, the court is unpersuaded that there is good cause for a mental examination. Plaintiff is not claiming an ongoing mental injury. She says that she began a new job at Nokia on November 1, 2011—the same day her employment with defendant was terminated and some ten months before she filed this suit. When asked in deposition whether her symptoms improved since she started at Nokia, she answered, "Yes. I don't have any symptoms." (DDJR No. 1, Ex. A). There is nothing in the record presented to suggest that plaintiff has made a strategic decision to place a temporal limit on her claim for emotional distress damages. See Coca-Cola Bottling Co. v. Torres, 255 F.2d 149, 153 (1st Cir. 1958) (concluding that the district court properly denied a request for a mental exam where the plaintiff "was not seeking damages for any present suffering but only for past physical injury and emotional disturbance, and hence a physical examination would be useless since it would not show the extent of the injury he had suffered in the past from which he had wholly recovered."). Cf. Lytel v. Simpson, No. C05-1937 JF (PVT), 2006 WL 2053516 at *4 n.5 (N.D. Cal., July 21, 2006) (granting request for mental exam where the plaintiff asserted a claim for ongoing distress, but noting that "[i]t is conceivable that an instance may arise where a plaintiff has a claim for genuinely past [intentional infliction of emotional distress], under circumstances where a mental examination would not be warranted."). Defendants' request for an order compelling plaintiff to submit to a mental examination therefore is denied.

SO ORDERED.

Dated: July 29, 2013

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

3

5:12-cv-04834-HRL Notice has been electronically mailed to:

Christopher R. LeClerc     chris@leclerclaw.com

Christopher Robert Le Clerc     chris@leclerclaw.com

Courtney Bohl     Cbohl@seyfarth.com, mhensel@seyfarth.com

G. Daniel Newland     dnewland@seyfarth.com, sstitt@seyfarth.com

Robert Brian Wong     bwong@seyfarth.com, ggarcia@seyfarth.com

Stephen F. Danz     stephen.danz@employmentattorneyca.com, eblanco@danz-gerber.com