*E-FILED: July 29, 2013*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ELEANOR RAMACHANDRAN, an individual, | No. C12-04834 HRL |
| Plaintiff, v. | **ORDER RE DISCOVERY DISPUTE JOINT REPORT NO. 2** |
| ACCENTURE LLP, a limited liability partnership; and DOES 1-50, inclusive, | [Re: Docket No. 34] |
| Defendants. | |

Plaintiff Eleanor Ramachandran asserts state law claims for alleged employment discrimination, retaliation, and wrongful termination, as well as for alleged wage and hour violations. Defendant Accenture, LLP (Accenture) removed the matter from state court, asserting diversity jurisdiction under 28 U.S.C. § 1332.

Plaintiff contends that defendant's conduct caused her to suffer both physical and mental discomfort. In response to one of defendant's interrogatories, Ramachandran identified eighteen medical care providers she has seen in the last ten years. Although defendant subpoenaed every single one of them for records dating from about eighteen months prior to her employment at Accenture, it has since narrowed the list of subpoenaed providers. Defendant also agreed to withdraw its requests for certain categories of documents, such as photographs, x-rays, billing statements, invoices, receipts, and other documents reflecting payment of expenses incurred for the providers' services. Plaintiff nevertheless maintains that the

subpoenaed records are private and privileged and that defendant's subpoenas are overbroad. But, if the court permits any discovery of her medical records, she requests leave to review the records first to determine which ones pertain to the health conditions at issue in this lawsuit. The seven health care providers that remain at issue in Discovery Dispute Joint Report (DDJR) No. 2 are as follows:

- **Dr. Julia Mynt** is plaintiff's primary care physician. Plaintiff testified that she saw Dr. Mynt for emotional distress at work, as well as for physical symptoms (i.e., asthma, rash, constant nervousness, and hair falling out) she says she suffered as a result of Accenture's conduct. Plaintiff also saw Dr. Mynt for regular checkups and other medical care.
- **Dr. Tali Bashour** is a cardiologist. Plaintiff testified that she saw Dr. Bashour, at Dr. Mynt's suggestion, because she was experiencing shortness of breath, high blood pressure, and arrhythmia.
- **Dr. Divya** is a dermatologist that plaintiff saw for a rash that she attributes to Accenture's conduct.
- **Dr. Svensson** provided plaintiff with psychological counseling during the relevant time period.
- **Lody Cura** provided plaintiff with psychological counseling during the relevant time period.
- **Mills Peninsula Hospital** provided plaintiff with psychological counseling during the relevant time period.
- **Charlotte McCall** provided plaintiff with psychological counseling during the relevant time period.

The matter is deemed suitable for determination without oral argument. CIV. L.R. 7-1(b). Upon consideration of the parties' respective arguments, the court grants in part and denies in part Accenture's request for discovery.

Inasmuch as the parties continued to meet-and-confer (as the court expects reasonable parties to do), the court declines Accenture's invitation to reject plaintiff's arguments outright,

notwithstanding defendant's argument that plaintiff did not act in a timely manner to quash the subpoenas or seek a protective order.

In civil cases, "state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." FED. R. EVID. 501. Under California law, any confidential communication between a patient and her treating physician or psychotherapist is privileged from disclosure. CAL. EVID. CODE § 990, et seq.,§ 1010, et seq. However, California also recognizes a "patient-litigant" exception to these privileges for communications relevant to an issue concerning the patient's condition, if such an issue has been tendered by the patient. CAL. EVID. CODE §§ 996, 1016; Britt v. Super. Ct., 20 Cal.3d 844, 862-63 (1978). "'When the patient himself discloses those ailments by bring an action in which they are in issue, there is no longer any reason for the privilege.'" In re Lifschutz, 2 Cal.3d 415, 434, 467 P.2d 557, 569, 85 Cal. Rptr. 829 (1970) (quoting City & Cnty. of San Francisco v. Super. Ct., 37 Cal.2d 227, 232, 231 P.2d, 26, 28 (1951)).

A party seeking discovery of private information must demonstrate a compelling need for the discovery that outweighs the privacy right. Lantz v. Super. Ct., 28 Cal. App.4th 1839, 1853-54, 34 Cal. Rptr.2d 358, 366-67 (1994). An implicit waiver of a party's constitutional right of privacy extends only to discovery that is directly relevant to the plaintiff's claim and essential to the fair resolution of the lawsuit. Id. at 1854; 34 Cal. Rptr.2d at 367 (citing Vinson v. Super. Ct., 43 Cal.3d 833, 842, 740 P.2d 404, 411, 239 Cal. Rptr. 292 (1987)).

Here, plaintiff alleges that Accenture's conduct caused "severe mental and emotional distress and discomfort." (Complaint ¶¶ 30, 35, 40, 42-47, 52). Additionally, in deposition she testified to physical symptoms of asthma, rash, constant nervousness, hair falling out, shortness of breath, high blood pressure, and arrhythmia. She has put her mental condition and these physical ailments at issue.

Having considered competing legitimate interests and possible prejudice, the court will permit Accenture to obtain documents from each of the above-identified seven providers. However, the following limits shall apply. The earliest records to be produced to defendant shall coincide with the start of plaintiff's employment at Accenture. Additionally, plaintiff will

be permitted to first review Dr. Mynt's subpoenaed records for those that pertain to her mental condition and to the physical symptoms described above. Within 10 days from the date of this order, plaintiff shall review those records and produce to Accenture all relevant records from Dr. Mynt.

As for the remaining six providers, plaintiff's request for a production preview is denied, and the subpoenaed records shall be promptly produced directly to Accenture. The record indicates that plaintiff saw these providers for conditions she attributes to defendants. The court is unpersuaded by plaintiff's argument that Dr. Divya's records are off-limits because plaintiff is not qualified to say whether her rash was caused by Accenture. Plaintiff testified that it was, so Dr. Divya's records shall be produced. Moreover, plaintiff's request to limit production of her psychological records to those relating solely to Accenture is denied. Plaintiff suggests that her psychological records might contain information that does not relate to claimed distress caused by Accenture. One of Accenture's defenses, however, is that plaintiff's claimed mental and emotional distress was caused by alternate stressors. In DDJR No. 1, this court was told that discovery revealed other events and circumstances that may have caused or contributed to plaintiff's claimed distress. Plaintiff cannot fairly claim to have suffered "severe mental and emotional distress" because of Accenture's conduct, but shield from discovery information showing that her claimed distress actually was caused by other events.

Additionally, to give defendant's experts time to review the subpoenaed materials, the case schedule will be modified as follows:

| | |
|---|---|
| Designation of Experts with Reports | August 15, 2013 |
| Designation of Rebuttal Experts with Reports | September 15, 2013 |
| Expert Discovery Cutoff | October 15, 2013 |
| Last Day for Hearing on Dispositive Motions | November 26, 2013, 10:00 a.m. |
| Final Pretrial Conference | February 13, 2014, 1:30 p.m. |

SO ORDERED.

Dated: July 29, 2013

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

4

5:12-cv-04834-HRL Notice has been electronically mailed to:

Christopher R. LeClerc     chris@leclerclaw.com

Christopher Robert Le Clerc     chris@leclerclaw.com

Courtney Bohl     Cbohl@seyfarth.com, mhensel@seyfarth.com

G. Daniel Newland     dnewland@seyfarth.com, sstitt@seyfarth.com

Robert Brian Wong     bwong@seyfarth.com, ggarcia@seyfarth.com

Stephen F. Danz     stephen.danz@employmentattorneyca.com, eblanco@danz-gerber.com